UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MARADIAGA-BONILLA (A-208-991-978),<br><br>Petitioner,<br><br>v.<br><br>Warden of the Mesa Verde Facility, et al.,<br><br>Respondents. | No. 1:26-cv-01995- DJC-CSK (PC)<br><br>ORDER and FINDINGS AND RECOMMENDATIONS |

Petitioner Jose Maradiaga-Bonilla (A-208-991-978), a native of Mexico who is proceeding without counsel, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  Petitioner is subject to a reinstated order of removal and was re-detained on January 29, 2026, and this habeas action concerns petitioner's re-detention.  For the reasons that follow, the Court recommends denying the petition for a writ of habeas corpus.

I.    FACTUAL BACKGROUND

Petitioner entered the United States on an unknown date, and was apprehended at or near Mission, Texas on May 10, 2016 by U.S. Border Patrol, and removed from the United States on August 1, 2016.  (ECF No. 8 at 12-13.)  Petitioner re-entered the United States on an unknown

---

[1]  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

1

date and on January 27, 2017 was apprehended and detained with his son at or near Hidalgo, Texas. (ECF No. 8 at 13.) Petitioner was processed for reinstatement of his prior order of removal. (ECF No. 8 at 13.) On January 28, 2017, Petitioner and his son were released on an Order of Supervision. (ECF No. 8 at 13.) On January 29, 2026, Petitioner reported for an appointment at U.S. Immigration and Customs Enforcement ("ICE"), and was re-detained. (ECF No. 1 at 5-6.)

After Petitioner claimed a fear of removal to El Salvador, on February 23, 2026, a Department of Homeland Security ("DHS") asylum officer found no reasonable fear, and this finding was referred to an immigration judge for review at Petitioner's request. (ECF No. 8 at 30-31.) On March 3, 2026, the immigration judge reversed the immigration officer, finding that Petitioner has established a reasonable possibility that he would be persecuted on the basis of a protected ground or a that he would be tortured in the country of removal, and placed Petitioner in withholding-only proceedings. (Id. at 28-29.) Petitioner's withholding-only proceedings are pending in immigration court. (Id. at 33-34.)

## II.   PROCEDURAL BACKGROUND

On March 12, 2026, petitioner filed his petition for writ of habeas corpus and motion to appoint counsel. (ECF Nos. 1, 3.) On March 24, 2026, respondents timely filed a response to the petition and a motion to dismiss all respondents other than Petitioner's immediate custodian. (ECF Nos. 8, 9.) Petitioner did not file a reply to the petition, or an opposition to the motion to dismiss. (See Docket.) Briefing is now complete.

## III.   LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has

served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## IV.    DISCUSSION

Generally, noncitizens are subject to civil immigration detention only if the noncitizen presents a risk of flight or danger to the community. See Zadvydas, 533 U.S. at 690 (holding that 8 U.S.C. § 1231(a)(6) does not authorize indefinite detention). Petitioner challenges his detention under the Fifth Amendment procedural due process clause.[2] (ECF No. 1.) Respondents argue that Petitioner is detained under 8 U.S.C. § 1231(a)(6) because he is subject to a reinstated removal order under 8 U.S.C. § 1231(a)(5). (ECF No. 8 at 3-4.) Respondents further argue that Petitioner's detention does not violate due process and he is not entitled to a pre-deprivation hearing. (Id. at 5-8.)

The record before the court indicates that Petitioner is subject to a reinstated removal order under 8 U.S.C. § 1231(a)(5) where he re-entered the United States after he was previously removed in August 2016. (See ECF No. 8 at 13, 22.) A noncitizen subject to a reinstated removal order may only seek withholding of removal as relief if they fear returning to the country of removal. See Johnson v. Guzman Chavez, 594 U.S. 523, 530 (2021). The regulations at 8 C.F.R. § 1208.31 apply. Here, as provided by 8 C.F.R. § 1208.31(f)-(g), Petitioner sought review of the immigration officer's fear determination by an immigration judge, who reversed the immigration officer, finding that Petitioner had established a reasonable possibility that he would be persecuted on the basis of a protected ground or a that he would be tortured in the country of removal, and placing Petitioner in withholding-only proceedings. (See ECF No. 8 at 28-31.) Petitioner's withholding-only proceedings are pending in immigration court. (Id. at 33-34.)

A noncitizen subject to a reinstated removal order is subject to detention pursuant to

---

[2] Because petitioner is proceeding pro se and pro se pleadings are liberally construed, the Court construes petitioner's claim as a Fifth Amendment due process claim challenging his re-detention, and not limited to a claim challenging his detention as prolonged. The Court also notes that respondents did not focus on prolonged detention in their response. (See ECF No. 8.)

8 U.S.C. § 1231.  See Johnson, 594 U.S. at 533, 542.  Noncitizens detained pursuant to 8 U.S.C. § 1231 may not be detained indefinitely, and the Supreme Court has recognized a presumptively reasonable detention period of six months.  Zadvydas, 533 U.S. at 690, 701.  After six months, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."  Id. at 701.  Here, Petitioner was detained on January 29, 2026, and his detention is still within the presumptively reasonable six month time period.  The Court further notes that Petitioner's withholding-only proceedings are currently pending.  The Court therefore recommends that the habeas petition be denied.

## V.    MOTION FOR APPOINTMENT OF COUNSEL

Petitioner filed a motion for appointment of counsel.  (ECF No. 3.)  There currently exists no absolute right to appointment of counsel in habeas proceedings.  See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996).  Under 18 U.S.C. § 3006A, the court can appoint counsel at any stage of the case "if the interests of justice so require."  See Rule 8(c), Fed. R. Governing § 2254 Cases.  The Court concludes that the interests of justice do not require appointment of counsel, and petitioner's motion for appointment of counsel is denied without prejudice.

## VI.    RESPONDENTS' MOTION TO DISMISS

Petitioner named as respondents Warden of the Mesa Verde Detention Facility, Secretary of the Department of Homeland Security, the Acting or Current United States Attorney General, the Acting or Current ICE San Francisco Field Office Director, and the Acting or Current ICE Director.  (ECF No. 1 at 4.)  Respondents filed a motion to dismiss all respondents but for petitioner's immediate custodian, Warden of the Mesa Verde Detention Facility.  (ECF No. 9.)

"[L]ongstanding practice confirms that in habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official."  Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004).  For such core habeas challenges, "only one person can be said to maintain custody over the detained petitioner, and that person is the proper respondent ...."  Doe v. Garland, 109 F.4th 1188, 1195 (9th Cir. 2024).  As

petitioner challenged only his present physical confinement, a core habeas challenge, the Warden of the Mesa Verde Detention Facility, where petitioner was detained, is the only proper respondent.  Accordingly, Respondents' motion to dismiss should be granted.

## VII.   CONCLUSION

IT IS HEREBY ORDERED that Petitioner's motion for appointment of counsel (ECF No. 3) is DENIED without prejudice.

Further, IT IS HEREBY RECOMMENDED that:

1.  The petition for writ of habeas corpus (ECF No. 1) be DENIED.

2.  Respondents' motion to dismiss (ECF No. 9) be GRANTED dismissing all respondents except the Warden of the Mesa Verde Detention Facility, the only remaining respondent.

3.  The Clerk of the Court be directed to enter judgment in favor of Respondent and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within **seven** days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 27, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

csk/mara.1995.26.merits

5