UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MARADIAGA-BONILLA (A-208-991-978),<br>Petitioner,<br>v.<br>Warden of the Mesa Verde Facility, et al.,<br>Respondents. | No. 1:26-cv-01995- DJC-CSK<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner Jose Maradiaga-Bonilla (A-208-991-978), a native of Mexico, has filed an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Petitioner is subject to a reinstated order of removal and was re-detained on January 29, 2026, and this habeas action concerns petitioner's re-detention. For the reasons that follow, the Court recommends granting the amended petition for a writ of habeas corpus.

## I. FACTUAL BACKGROUND

Petitioner entered the United States on an unknown date, and was apprehended at or near Mission, Texas on May 10, 2016 by U.S. Border Patrol, and removed from the United States on

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

August 1, 2016. (ECF No. 8 at 12-13[2]; ECF No. 18 at 1.) Petitioner re-entered the United States on an unknown date and on January 27, 2017 was apprehended and detained with his son at or near Hidalgo, Texas. (ECF No. 8 at 13; see ECF No. 18 at 2.) Petitioner was processed for reinstatement of his prior order of removal. (ECF No. 8 at 13.) On January 28, 2017, Petitioner and his son were released on an Order of Supervision. (ECF No. 8 at 13, 15-18; see ECF No. 18 at 2.) On January 29, 2026, Petitioner reported for at an appointment at U.S. Immigration and Customs Enforcement ("ICE"), and was re-detained. (ECF No. 1 at 5-6; ECF No. 18 at 2.)

After Petitioner claimed a fear of removal to El Salvador, on February 23, 2026, a Department of Homeland Security ("DHS") asylum officer found no reasonable fear, and this finding was referred to an immigration judge for review at Petitioner's request. (ECF No. 8 at 30-31.) On March 3, 2026, the immigration judge reversed the immigration officer, finding that Petitioner has established a reasonable possibility that he would be persecuted on the basis of a protected ground or a that he would be tortured in the country of removal (El Salvador), and placed Petitioner in withholding-only proceedings. (ECF No. 8 at 28-29; ECF No. 18 at 2.) Petitioner's withholding-only proceedings are pending in immigration court. (ECF No. 8 at 33-34; ECF No. 18 at 2.)

## II. PROCEDURAL BACKGROUND

On March 12, 2026, Petitioner filed his petition for writ of habeas corpus and motion to appoint counsel. (ECF Nos. 1, 3.) On March 24, 2026, Respondents filed a response to the petition and a motion to dismiss all respondents other than Petitioner's immediate custodian. (ECF Nos. 8, 9.) Petitioner did not file a reply to the petition, or an opposition to the motion to dismiss. (See Docket.) On April 27, 2026, the undersigned issued findings and recommendations to deny the petition where Petitioner had been detained for less than the presumptively reasonable six month time period. (ECF No. 11 at 3-4.) On June 12, 2026, the district judge found the findings and recommendations to be supported by the record and the undersigned's analysis, but declined to dismiss the petition given that Petitioner had been detained for nearly six months,

---

[2] Respondents incorporated their response to the original petition in their opposition to the amended petition. (ECF No. 19 at 1.)

dismissed all respondents except the Warden of the Mesa Verde Detention Facility, and appointed counsel. (ECF No. 14 at 2.) After counsel was appointed, the Court entered a scheduling order permitting Petitioner, now represented by counsel, to file an amended petition, and providing the opportunity for Respondent to respond to an amended petition. (ECF No. 17.)

On July 8, 2026, Petitioner, represented by counsel, timely filed an amended petition. (ECF No. 18.) On July 15, 2026, Respondent filed an opposition to the amended petition, and Petitioner filed a reply on July 21, 2026. (ECF Nos. 19, 20.) Briefing is now complete.

## III. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## IV. DISCUSSION

Generally, noncitizens are subject to civil immigration detention only if the noncitizen presents a risk of flight or danger to the community. See Zadvydas, 533 U.S. at 690 (holding that 8 U.S.C. § 1231(a)(6) does not authorize indefinite detention). Petitioner challenges his continued detention as a violation of (1) the Fifth Amendment due process clause because there is not a significant likelihood Petitioner can be removed in the reasonably foreseeable future; and (2) regulations governing revocation of release. (ECF No. 18 at 3-7.) Respondent argues that Petitioner's detention is lawful because Petitioner has failed to demonstrate the absence of a significant likelihood of removal in the foreseeable future, and because it does not violate

substantive due process. (ECF No. 19 at 2-4.) Respondent further argues that Petitioner's detention does not violate 8 C.F.R § 241.4(l)(1)-(2) or 8 C.F.R. § 241.13(i)(1)-(2). (ECF No. 19 at 3.)

The parties agree that Petitioner is detained under 8 U.S.C. § 1231(a)(6) because he is subject to a reinstated removal order under 8 U.S.C. § 1231(a)(5). (ECF No. 8 at 13, 22; ECF No. 18 at 3-4, 8; ECF No. 19 at 2.) A noncitizen subject to a reinstated removal order may only seek withholding of removal as relief if they fear returning to the country of removal. See Johnson v. Guzman Chavez, 594 U.S. 523, 530 (2021). The regulations at 8 C.F.R. § 1208.31 apply. Here, as provided by 8 C.F.R. § 1208.31(f)-(g), Petitioner sought review of the immigration officer's fear determination by an immigration judge, who reversed the immigration officer, finding that Petitioner had established a reasonable possibility that he would be persecuted on the basis of a protected ground or a that he would be tortured in the country of removal, and placing Petitioner in withholding-only proceedings. (See ECF No. 8 at 28-31.) Petitioner's withholding-only proceedings are pending in immigration court. (Id. at 33-34.)

A noncitizen subject to a reinstated removal order is subject to detention pursuant to 8 U.S.C. § 1231. See Johnson, 594 U.S. at 533, 542. Noncitizens detained pursuant to 8 U.S.C. § 1231 may not be detained indefinitely, and the Supreme Court has recognized a presumptively reasonable detention period of six months. Zadvydas, 533 U.S. at 690, 701. After six months, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Id. at 701.

Here, Petitioner was re-detained on January 29, 2026 when he reported for an ICE appointment, and he has now been detained for more than six months. Respondent argues that Petitioner has failed to meet his burden under Zadvydas to "demonstrate[] the absence of a significant likelihood of removal in the foreseeable future." (ECF No. 19 at 2.) Respondent's argument fails. The burden-shifting framework from Zadvydas does not apply to Petitioner's challenge to his re-detention. As another district court noted in a similar context, "[t]his case is not about ICE's authority to detain in the first place upon an issuance of a final order of removal

as in Zadvydas." Nguyen v. Hyde, 788 F. Supp. 3d 144, 149 (D. Mass. 2025); see also Yan-Ling X. v. Lyons, 2025 WL 3123793, at *3 (E.D. Cal. Nov. 7, 2025). As in Nguyen, "[t]his case is about ICE's authority to re-detain [petitioner] after he was issued a final order of removal, detained, and subsequently released on an [order of supervision]." Nguyen, 788 F. Supp. 3d at 149. "[T]his is not your typical first round detainment of an alien awaiting removal. Petitioner was previously detained, then released on supervised release for several years, and his 90-day removal period expired." Escalante v. Noem, 2025 WL 2206113, at *3 (E.D. Tex. Aug. 2, 2025). It is clear that Petitioner was previously detained, released on an order of supervision for nine years, and has been detained well beyond the expiration of the 90-day removal period.

In addition, even if the burden were initially placed on Petitioner, Petitioner has "provide[d] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," and therefore, "the Government must respond with evidence sufficient to rebut that showing."[3] Zadvydas, 533 U.S. at 701. Petitioner has presented good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future where Petitioner has not been removed for 9.5 years while he has been subject to a reinstated removal order; Petitioner cannot be removed to El Salvador where an immigration judge found that Petitioner has established a reasonable possibility that he would be persecuted on the basis of a protected ground or tortured if removed to El Salvador and the government has not identified a third country for removal. A non-citizen cannot be removed to the country where the non-citizen faces a likelihood of persecution. 8 U.S.C. § 1231(b)(3)(A); 8 C.F.R. § 1208.16(b). Respondent fails to present any evidence to rebut Petitioner's showing as required under Zadvydas. (See ECF No. 19.) Respondent does not even dispute that Petitioner has not been

---

[3] The Court agrees with Petitioner that Respondent does not present the Zadvydas burden correctly where Respondent argues that the noncitizen must "demonstrate[] the absence of a significant likelihood of removal in the foreseeable future." (See ECF No. 19 at 2.) The Zadvydas court held once a noncitizen has been detained for six months after a final order of removal and "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with sufficient evidence to rebut that showing." Zadvydas, 533 U.S. at 701. This is different from requiring the noncitizen to ""demonstrate[] the absence of a significant likelihood of removal in the foreseeable future," as Respondent argues here.

removed for 9.5 years while he has been subject to a reinstated removal order, that Petitioner cannot be removed to El Salvador, or that the government has not identified a third country for removal. (See ECF No. 19.) Therefore, even if the burden shifting framework from Zadvydas applied as Respondent argues, Respondent has failed to rebut Petitioner's showing and Petitioner is entitled to relief on his habeas petition. See Zadvydas, 533 U.S. at 701.

Therefore, even if the burden-shifting framework from Zadvydas applies, Petitioner is entitled to relief on his habeas petition. Petitioner's status before he was re-detained in January 2026 was one of release under the January 2017 order of supervision, and Petitioner should be ordered released immediately to return him to the status quo before the pending controversy, his re-detention. See Hoac v. Becerra, No. 2:25-CV-01740-DC-JDP, 2025 WL 1993771, at *7 (E.D. Cal. July 16, 2025) (holding petitioner's "immediate release is required to return him to the status quo" before petitioner's re-detention under 8 U.S.C. § 1231); Yang v. Kaiser, No. 2:25-cv-02205-DAD-AC, 2025 WL 2791778, at *11 (E.D. Cal. Aug. 20, 2025) (status quo ante is "the last uncontested status which preceded the pending controversy.").

Because the Court recommends granting the amended petition based on claim one, the Court need not address any additional claims raised in the petition. See N.K. v. Noem, No. 1:26-cv-0292 KES SAB, 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas petition as to the second count of the petition and not addressing other counts because the petitioner was entitled to the relief sought based on the court's ruling as to that second count); Constantinovici v. Bondi, No. 3:25-cv-2405 RBM AHG, 2025 WL 2898985, at *7 (S.D. Cal. Oct. 10, 2025) (granting habeas petition based on due process claim and "declin[ing] to address the remaining grounds in the Petition for seeking release"). Petitioner is entitled to the habeas relief he seeks based on claim one.

**V. CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The amended petition for writ of habeas corpus (ECF No. 18) be GRANTED.
2. Respondent be ordered to IMMEDIATELY release Jose Maradiaga-Bonilla (A-208-991-978) under the same conditions he was before his January 2026 re-detention. If

Respondent has custody of Petitioner's documents (e.g., identification, passport, work permit, Social Security card, etc.), Respondent shall return those to petitioner at the time of release. Respondent be enjoined and restrained from re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, compliance with the requirements for revocation of release, and any other applicable statutory and regulatory procedures.

3. The Clerk of the Court be directed to enter judgment in favor of Petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 30, 2026

Chi Soo Kim

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

csk/mara.1995.26.frs.amendpet